IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIASHONAE WILLIS, | ) | CASE NO. 1:17 CV 2446 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| SETJO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant, Setjo, LLC's Motion to Dismiss, Or in the Alternative, Motion to Stay. (ECF #21). Plaintiffs filed an Opposition to the Motion, and Defendant filed a Reply in support. (ECF #23, 24). After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds the Defendant's Motion should be GRANTED.

## FACTS[1]

Plaintiff, Miashonae Willis is bringing claims against Defendant, Setjo, LLC d/b/a Kia of Bedford ("KOB") stemming from allegations that KOB violated the Truth in Lending Act ("TILA") by failing to make proper disclosures to car buyers. Ms. Willis entered into an agreement with KOB to purchase a red 2015 Dodge Journey on March 15, 2017. According to Defendant, that agreement was contingent upon her obtaining financing and/or providing true and complete information related to her credit application. According to Ms. Willis the agreement was final and contained no such condition. In connection with this transaction, Ms. Willis executed two agreements, a retail installment contract ("Installment Contract") and a conditional delivery agreement ("Delivery Agreement"). She alleges that these agreements contain contradictory terms, especially with regard to the conditionality of the financing requirement. Ms. Willis also claims that she did not sign an arbitration agreement when these two agreements were executed.

According to Defendant, Ms. Willis' application for financing of the red 2015 Dodge Journey did not contain complete information related to her sources of income, and KOB took back the vehicle. According to Ms. Willis, KOB told her that there was information missing from her purchase documentation. When she returned to complete the documentation on April 8, 2017, they told her that they were voiding the contract and would be re-possessing the car. They then offered to sell her a white 2015 Dodge Journey instead, with different terms. The new offer

---

[1] The undisputed facts are taken from the parties briefs and from the Complaint. To the extent any of the relevant facts are in dispute, they have been viewed in the light most favorable to the non-moving party in accordance with applicable standards for a motion to dismiss.

raised the monthly payment and increased her cost of credit. According to Defendant, it provided conditional approval of her financing, subject to verification of the financing information provided. At the time the agreements were executed for the sale of the white Dodge Journey, Ms. Willis also signed an arbitration agreement. The agreement states that "[a]s a material inducement to enter into a Retail Purchase . . . of the vehicle identified in the Retail Buyers Order. . . [the parties] will submit any dispute to binding arbitration." Ms. Willis' financing ultimately was not approved for the purchase of the second vehicle, and once again, KOB took back the vehicle.

> The Arbitration Agreement signed by Ms. Willis in April of 2017 states as follows:
>
> Binding arbitration shall be used to resolve all claims arising from the purchase or lease of the vehicle, financing, warranties, repairs, attempting to obtain financing, the purchase of any optional insurance, service or maintenance agreements, or aftermarket products, or any document or relationship established in this transaction or related transactions regardless of whether the transactions were consummated.

(ECF #24, Ex. 1). The Agreement also provides that Ohio law shall apply.

Ms. Willis is claiming that the March 15, 2017 Installment Contract violated TILA, and that this agreement was not subject to an arbitration agreement. She also claims that although she signed an arbitration agreement in connection with the execution of the April 8, 2017 transaction, she was fraudulently induced into signing it and should not be bound by its terms. Finally, Ms. Willis argues that KOB has waived its right to enforce the arbitration clause, even if it is otherwise enforceable.

-3-

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA"), and the courts applying it, recognize that a written arbitration agreement is a contract, and, as such, is subject to the laws which govern the enforcement of contracts generally. *See, e.g., Greentree Financial Corp. v. Randolph*, 531 U.S. 79, 90 (2000); *Doctor's Associates, Inc. V. Casarotto*, 517 U.S. 681, 685 (1996)(citing *Perry v. Thomas*, 482 U.S.483, 493, n.9 (1987)); 9 U.S.C. §2. Federal law favors the enforcement of valid arbitration agreements, but does not elevate them over other contracts. *Id.* The Ohio Arbitration Act is consistent with the FAA. It also recognizes arbitration agreements as enforceable under general contract law, while recognizing a strong presumption in favor of arbitrability. *See, e.g., Academy of Med. Of Cinci, v. Aetna Health Inc.*, 180 Ohio St.3d 183, 842 N.E. 2d 488; *ABM Farms, Inc. V. Woods*, 81 Ohio St.3d 498, 500 (1998); *Didado v. Lamson & Sessions Co.*, 81 Ohio App.3d 302, 304, 610 N.E.2d 1085 (9th Dist. 1992).

The FAA requires courts to enforce arbitration contracts. "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)(citing 9 U.S.C. §§ 3,4). The litigation may be dismissed rather than stayed for arbitration if all claims are subject to arbitration. *Ozormoor v. T-Mobile USA, Inc.*, 354 Fed.Appx. 972, 975 (6th Cir. 2009).

The Sixth Circuit directs district courts to apply a four part test to determine whether to grant motions to dismiss or stay, and to compel arbitration.

(1) The Court must determine whether the parties agreed to arbitrate

(2) The Court must determine the scope of that agreement;

(3) If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and

(4) If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000); *see also, Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

## ANALYSIS

### A. Waiver

Ms. Willis argues that KOB has waived its right to enforce the April 8, 2017 Arbitration Agreement by failing to raise it at the inception of this litigation. Waiver is a valid contractual defense to the enforcement of an arbitration agreement under Ohio law. *See Hantz Fin. Servs. v. Am. Int'l Specialty Lines Inc. Co.*, 664 Fed. Appx. 452, 457 (6th Cir. 2016). "[A] party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co. Ams.*, 610 F.3d 334, 338 (6th Cir. 2010)(internal quotes omitted). Under Ohio law, filing an answer with moving for a stay of arbitration can be considered any action that is inconsistent with any reliance on an arbitration agreement. *See, e.g., Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App. 2d 111, 113 (Ohio 8th Dist. July 17, 1980).

In this case, KOB did not initially cite the arbitration agreement in its Answer to the original Complaint. However, Ms. Willis later filed an Amended Complaint. Because the Amended Complaint re-set the proceedings and nullified the original Complaint and any Answers

or other responses filed in response, the Court looks only to the timeliness of the assertion of this defense in connection with the filing of the Amended Complaint. Following the filing of the Amended Complaint on July 10, 2018, KOB timely asserted the Arbitration Agreement as a defense on July 24, 2018, and cannot be said to have acted inconsistently with reliance on the Agreement. Further, all of the events that Ms. Willis claims to have caused her prejudice occurred prior to the filing of the Amended Complaint. The Court finds that KOB timely asserted its rights under the Arbitration Agreement following the filing of the Amended Complaint, did not act inconsistently with its rights under the Arbitration Agreement by participating in preliminary court proceedings and complying with the initial disclosures requirements, and that any delay in the assertion of these rights has not prejudiced the Plaintiff in any meaningful way.

### B. Arbitrability of the April 8, 2017 Agreement(s)

Ms. Willis does not dispute that she signed the Arbitration Agreement in connection with the April 8, 2017 transaction, nor does she dispute that on its face, the Agreement applies to her claims in connection that with that transaction. She claims, however, that the Arbitration Agreement is not enforceable because her execution of the Agreement was fraudulently induced. The Sixth Circuit has held that such fraud "may be predicated on promises made without an intention of performance. . . for the purpose of inducing another to enter into a contractual relation." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447 (6th Cir. 1993). She claims that KOB never intended to enter in an auto sale with her, and therefore, the statement in the Arbitration Agreement that the Agreement is a "material inducement to enter into" such a sale

-6-

was fraudulent. She also cites segments of the underlying Installment Contract that she believes to be false, as evidence of fraud in the inducement of the Arbitration Agreement.

Any falsity in the underlying Installment Contract is not a consideration for the Court at this juncture of the proceedings. Rather the allegations of falsities in that Contract is the issue that would be arbitrated if the Arbitration Agreement is enforceable. The only agreement that the Court is to consider at this point is the Arbitration Agreement itself. Ms. Willis has not alleged any false statements or other inducements sufficient to suggest that the Arbitration Agreement, itself, was fraudulently induced. She does not contend that she was unaware of what she was signing; does not contend that KOB ever suggested, let alone promised that it would not seek to enforce that Agreement; and does not contend that KOB made any promise within that Agreement that it did not intend to perform. The allegation that KOB did not intend to perform on the Installment Agreement does not affect the validity of the Arbitration Agreement, nor does it mean that the statement of materiality to the transaction was fraudulent. There is no allegation that the Installment Contract would have been considered by KOB without execution of the Arbitration Agreement. Therefore, there is no reason to believe that the claim of materiality was false. The statement that the execution of the Arbitration Agreement was "material" does not mean that it was the only criteria necessary for the full performance of the Installment Contract. In fact, the plain language of the Agreement anticipates the possibility that the Installment Contract may not be performed, as it applies " regardless of whether the transactions were consummated."

There is no argument or evidence that adequately supports Ms. Willis' claim that she was fraudulently induced into signing the Arbitration Agreement. Therefore, all claims relating to the

April 7, 2017 transaction are arbitrable.

C. **Arbitrability of the March 15, 2017 Agreement(s)**

The parties agree that there is no evidence that Ms. Willis signed an arbitration agreement in connection with the March 15, 2017 transaction. Defendant argues, however, that the April 7, 2017 Arbitration Agreement applies retroactively to the March 15, 2017 contracts. The Arbitration Agreement applies to "all claims arising from the purchase or lease of the vehicle, financing, warranties, repairs, attempting to obtain financing, the purchase of any optional insurance, service or maintenance agreements, or aftermarket products, or any document or relationship established in this transaction or related transactions regardless of whether the transactions were consummated." KOB argues that the March 15, 2017 contracts were "related transactions" that are covered by the Agreement. This is not a fair reading of the Arbitration Agreement.

The April 7, 2017 transaction was separate and independent from the March 15, 2017 transaction. The March contracts were executed and "voided" and the vehicle covered by those contracts was returned to KOB before the Arbitration Agreement was ever signed. There is no indication that either Ms. Willis or KOB intended for them to be subject to a later executed Arbitration Agreement. They cannot, therefore, be fairly considered "related transactions" for purposes of the Arbitration Agreement. Ms. Willis' TILA claims arising from the March 15, 2017 transaction are not, therefore, arbitrable.

Federal law, although it does not mandate a stay, permits the Court to determine whether a stay is warranted, when there are both arbitrable and non-arbitrable claims within a single case.

-8-

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). In this case, a stay is clearly warranted. Under Ohio law, which the parties adopted in their choice of law provision of the Arbitration Agreement, "when an action contains both arbitrable and non-arbitrable claims, the court must stay the entire action until the arbitrable claims are resolved." *Villas Di Tuscany v. Di Tuscany*, 2014-Ohio-776, at P20 (7th Dist.)(citations omitted); ORC §2711.02(B).

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss Or in the Alternative Stay this action pending arbitration is GRANTED. (ECF #21). All claims arising from the April 7, 2017 transaction are subject to arbitration and are, therefore, dismissed without prejudice. The TILA claim arising from the March 15, 2017 transaction is hereby STAYED pending the completion of the arbitration. A status conference is scheduled for December 17, 2018 at 9:30 a.m. to update the Court on the expected completion schedule for Arbitration. IT IS SO ORDERED.

DATED: September 4, 2018

DONALD C. NUGENT
United States District Judge